**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, COUNTY OF WELD, STATE OF COLORADO<br><br>Court Address:<br>901 9th Avenue<br>Greeley, CO 80631 | DATE FILED: March 18, 2024 7:26 AM<br>FILING ID: B574CFEB3E915<br>CASE NUMBER: 2024CV30223 |
| Plaintiff: **PEDRO MARTINEZ GONZALEZ**<br><br>**v.**<br><br>Defendants: **GREGORY MERTENS and J.B. HUNT TRANSPORT, INC.** | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Sarah A. Schreiber, Esq., #37767<br>The Wilhite Law Firm<br>1600 Ogden Street<br>Denver, CO 80218<br>Phone Number: (303) 839-1650X<br>FAX Number: (303) 832-7102<br>E-mail: sschreiber@wilhitelawfirm.com | Case Number:<br><br>Div.: Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, **PEDRO MARTINEZ GONZALEZ** (hereinafter "Plaintiff") by and through his attorneys, The Wilhite Law Firm, files his Complaint and Jury Demand against **GREGORY MERTENS** (hereinafter Defendant Mertens) and **J.B. HUNT TRANSPORT, INC.** (hereinafter Defendant J.B. Hunt) (collectively "Defendants"), and states as follows:

## PARTIES

1. On or about August 27, 2021, the date of the incident complained of, Plaintiff was a resident of the State of Colorado.

2. On or about August 27, 2021, upon information and belief, Defendant Mertens was a resident of the State of Colorado.

3. On or about August 27, 2021, upon information and belief, Defendant J.B. Hunt Transport Inc. is an Arkansas Corporation with principal mailing address of PO Box 130, Lowell, AK 72745, and registered agent as Corporation Service Company, 1900 West Littleton Blvd, Littleton, CO 80120.

## JURISDICTION AND VENUE

4. On August 27, 2021, Defendant Mertens committed a tort in the County of Weld, State of Colorado.

5. On or about August 27, 2021, Defendant Mertens was operating a 1991 Tractor Trailer in the course and scope of employment with Defendant J.B. Hunt, when he committed a tort in the County of Weld, State of Colorado.

6. Jurisdiction and venue are proper in this action pursuant to C.R.C.P. 98(c)(5) as the tort was committed in the County of Weld.

## GENERAL ALLEGATIONS

7. On or about August 27, 2021, the date of the collision complained of, Defendant Mertens was negligent in the operation of his motor vehicle and committed a tort in Weld County in the State of Colorado.

8. On or about August 27, 2021, at approximately 5:41 a.m., Plaintiff was driving a 2015 Freightliner Tractor Trailer on Highway 85.

9. In the direction Plaintiff was traveling, there were no traffic control signals for him at the intersection of Highway 85 and WCR 34.

10. Defendant Mertens was driving a 1991 Tractor with attached flatbed trailer carrying concrete pipes on WCR 34.

11. At the intersection of WCR 34 and Highway 85, Defendant Mertens had a stop sign.

12. Defendant Mertens left the stop sign to make a left turn onto Highway 85.

13. At the time of the collision, Defendant Mertens's vehicle was blocking Highway 85 when Plaintiff's vehicle approached the intersection with WCR 34.

14. Plaintiff had the right of way at the time of the collision.

15. Defendant Mertens failed to yield to oncoming traffic at the time of the collision.

16. Defendant Mertens blocked the lane of travel that Plaintiff was traveling in.

17. The Platteville Police Department investigated the collision scene.

18. Corporal Lago and Officer D. Zimmerli investigated the collision scene.

19. Defendant Mertens told the police that he came out of westbound WCR 34 onto southbound Highway 85 and had to stop during the maneuver due to southbound traffic.

20. Defendant Mertens was cited with careless driving.

21. Defendant Mertens is 100% liable for causing the collision with Plaintiff.

22. Upon information and belief, Defendant Mertens was driving a 1991 Tractor with attached flatbed trailer registered to and owned by Defendant J.B. Hunt.

23. At the time of the collision, Defendant Mertens was an employee of Defendant J.B. Hunt.

24. At the time of the collision, Defendant Mertens was in the course and scope of employment of Defendant J.B. Hunt.

25. At the time of the collision, Defendant Mertens was an agent of Defendant J.B. Hunt.

26. At the time of the collision, Defendant Mertens was operating a vehicle believed to be owned and/or maintained by Defendant J.B. Hunt.

27. Plaintiff was not comparatively negligent in causing the collision.

28. Plaintiff was not comparatively negligent in causing the injuries he suffered as a result of the collision.

29. As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and may continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, potential loss of earning capacity, and loss of time.

30. As a direct and proximate result of the collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

31. As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment and disfigurement.

32. As a direct and proximate result of Plaintiff's injuries, Plaintiff may be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

## FIRST CAUSE OF ACTION
## (Negligence against Defendant Mertens)

33. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 32 of this Complaint as if set forth verbatim.

34. Defendant Mertens owed Plaintiff a duty to exercise reasonable care in the operation of a motor vehicle at the time of the collision.

**EXHIBIT A**

35. Defendant Mertens breached the duty owed to exercise reasonable care in the operation of a motor vehicle by negligently and carelessly operating the aforementioned vehicle in the following respects, including but not limited to:

    a. Driving carelessly;

    b. Driving negligently;

    c. Failing to make a left turn when there was no oncoming traffic;

    d. Failing to complete his turn before oncoming traffic arrived;

    e. Failing to yield at a stop sign;

    f. Failing to operate the stated vehicle in such a way so as to avoid colliding with Plaintiff; and

    g. Generally operating the stated vehicle in a negligent and careless manner.

36. As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and may continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, potential loss of earning capacity, and loss of time.

37. As a direct and proximate result of the collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

38. As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment and disfigurement.

39. As a direct and proximate result of Plaintiff's injuries, Plaintiff may be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

## SECOND CAUSE OF ACTION
## (Negligence *Per Se* Against Defendant Mertens)

40. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 39 of this Complaint as if set forth verbatim.

41. Defendant Mertens' conduct during the above described collision was in violation of C.R.S. § 42-4-1402, the Careless Driving Statute and Violation Code 1402; C.R.S. § 42-4-1401; Reckless Driving; and C.R.S. § 42-4-703 – Failure to Yield Right of Way.

42. Defendant Mertens' conduct in violation of the aforementioned statutes amount to negligence *per se*.

**EXHIBIT A**

43. Plaintiff suffered the type of harm and is within the class of persons designed to be protected by the applicable Colorado Revised Statutes mentioned in the aforementioned statutes.

44. As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and may continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, potential loss of earning capacity, and loss of time.

45. As a direct and proximate result of the collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

46. As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment and disfigurement.

47. As a direct and proximate result of Plaintiff's injuries, Plaintiff may be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

## THIRD CAUSE OF ACTION
## (Respondeat Superior/Vicarious Liability Against Defendant J.B. Hunt)

48. The allegations contained in paragraphs 1 through 47 above are incorporated herein by reference as if now set forth verbatim.

49. On the date of the incident complained of, and at all times material hereto, Defendant J.B. Hunt was a corporation engaged in the business of offering freight and shipping transportation services.

50. On August 27, 2021, and at all times material hereto, Defendant J.B. Hunt held out Defendant Mertens as its agent, apparent agent, servant, employee, or a person engaged in performing the corporation's business endeavor and/or the joint venture.

51. Defendant J.B. Hunt employed Defendant Mertens on the date of the collision and was otherwise vicariously responsible for the acts of Defendant Mertens.

52. Defendant J.B. Hunt directed, controlled, or maintained the right to control, and supervised the duties of its agent, apparent agent, servant, joint venturer, or employee in the operation of the subject vehicle described herein, and did so at all times material to this matter, such that Defendant Mertens was acting within the course and scope of his employment with Defendant J.B. Hunt at the time of the incident.

**EXHIBIT A**

53. On the date of the incident complained of, as Defendant J.B. Hunt's agent, apparent agent, servant, joint venturer, or employee, Defendant Mertens was negligent in the operation of the subject vehicle and caused the subject collision.

54. Defendant J.B. Hunt in its capacity of principal, master, joint venturer, or employer is vicariously responsible for the negligent acts of Defendant Mertens.

55. As a direct and proximate result of Defendant Mertens' negligent operation of Defendant J.B. Hunt's vehicle, Plaintiff has suffered injuries, damages, and losses as set forth supra in paragraphs 44-47.

## JURY DEMAND

A jury of at least six (6) persons is demanded in this action.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendants in an amount to fairly compensate the Plaintiff for the injuries (as set forth above), costs, court costs, expert witness fees, statutory interest accrued from the date of the subject incident or as otherwise permitted under Colorado law and for such relief as the Court deems proper. Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss.

(b) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future.

(c) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.

(d) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future.

(e) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life.

(f) For pre and post judgment interest as provided by statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, compounded as allowed by law, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and meet in the premises.

Dated: March 18, 2024.

THE WILHITE LAW FIRM

*/s/ Sarah A. Schreiber*
Sarah A. Schreiber, Esq.
Attorney for Plaintiff

Plaintiff's Address:
324 E. Taylor Avenue
La Salle, CO 80645